```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION


DAVID N. MYERS, CHARLENE FLIPPIN,
THAXTER PITTMAN, SUANE HOFF, and
GAIL HUFF                                              PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:05-CV-481BN

CITY OF MCCOMB, MISSISSIPPI                             DEFENDANT
```

**OPINION AND ORDER**

This cause is before the Court on the Motion of Defendant to Stay Proceedings, filed on December 16, 2005, under docket entry no. 24. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

## I. Factual Background and Procedural History

This action arises out of the enforcement by Defendants of a May 9, 2005, Order of the Circuit Court of Pike County, Mississippi ("Pike County Circuit Court Order"). In that Order, the Pike County Circuit Court found that Plaintiff David Myers was prohibited, under state law, from simultaneously serving as a member of the Mississippi Legislature and as a member of the McComb Board of Selectmen. Myers was therefore ordered to vacate his seat on the Board of Selectmen. Myers has since appealed the Pike County

Circuit Court Order and that appeal is currently pending before the Supreme Court of Mississippi.

On August 3, 2005, Plaintiffs filed this action seeking declaratory, injunctive, and monetary relief against Defendant as a result of Defendant's implementation of the Pike County Circuit Court Order. The Complaint in this action includes claims pursuant to §5 of the Voting Rights Act, 42 U.S.C. § 1973(c), and 42 U.S.C. § 1983 for alleged violations of the First, Fourteenth and Fifteenth Amendments to the United States Constitution as well as a common law claim of intentional infliction of emotional distress. Plaintiffs also filed a Motion for Preliminary Injunction [docket entry no. 2] on August 3, 2005, wherein Plaintiffs sought to enjoin the implementation of the Pike County Circuit Court Order until the Order was precleared pursuant to § 5 of the Voting Rights Act. A three-judge panel was subsequently convened and a hearing on Plaintiffs' Motion for Preliminary Injunction was held on October 31, 2005. On November 23, 2005, the three-judge panel issued a *per curiam* Opinion [docket entry no. 21] and Order [docket entry no. 22] ("November 23 Order") enjoining Defendant's enforcement of the Pike County Circuit Court Order pending § 5 preclearance. The November 23 Order, however, did not enjoin the appeal of the Pike County Circuit Court Order.

On December 16, 2005, Defendant filed the instant Motion to Stay Proceedings, seeking a stay of this case pending resolution of

the appeal of the Pike County Circuit Court Order and completion of the preclearance process. The Motion is now ripe for consideration.

## II. Analysis

Defendant contends that a stay of this case is appropriate as the remaining Constitutional issues may either "be mooted altogether or presented in a different posture following the conclusion of the Mississippi Supreme Court's decision." Defendant's Memorandum in Reply to Plaintiffs' Response to Motion to Stay, p.3. In response, Plaintiffs' oppose the stay and argue that the outcome of the appeal of the Pike County Circuit Court Order is irrelevant to Plaintiffs' monetary damage claims.

This Court has the discretionary authority to grant a stay in this action. <u>United States v. $9,041,598.68 (Nine Million Forty One Thousand Five hundred Ninety Eight Dollars and Sixty Eight Cents)</u>, 163 F.3d 238, 251 (5th Cir. 1999)(holding that a federal district court has the discretionary authority to stay a proceeding "to control the course of litigation"). Under the facts of this case, the Court finds that a stay of all proceedings in this case is appropriate. The Court believes that at least some of the claims asserted by Plaintiffs may be affected by the decision of the Mississippi Supreme Court. The interests of justice and judicial economy would be better served by staying this litigation pending the outcome of that appeal. The Court however sees no reason why a

stay should be extended until the preclearance process is completed.

Accordingly, the Court will grant a stay of these proceedings pending the resolution of the appeal of the Pike County Circuit Court Order, currently before the Mississippi Supreme Court.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant to Stay Proceedings [docket entry no. 24] is well taken and is hereby granted. This action is hereby stayed pending the resolution of the appeal of the May 9, 2005, Order in City of McComb v. Myers, No. 2002-124 (Pike County Cir. Ct.), currently pending before the Mississippi Supreme Court as Myers v. City of McComb, No. 2005-CA-0126 (Miss.). The parties are to immediately notify the Court when a decision is rendered in the aforementioned appeal and the stay will be lifted.

IT IS FURTHER ORDERED that the Clerk of the Court should term docket entry no. 2 as the relief requested in the Motion for Preliminary Injunction of Plaintiffs was granted pursuant to the November 23, 2005, Opinion [docket entry no. 21] and Order [docket entry no. 22] rendered by the three-judge panel in this action.

4

SO ORDERED this the 7th day of February, 2006.

                                              <u>s/ William H. Barbour, Jr.</u>
                                              UNITED STATES DISTRICT JUDGE

blj