

U.S. Department of Justice

Civil Rights Division

JKT:AR:DJ:jdh  
DJ 166-012-3  
2007-2465

*Voting Section - NWB*  
*950 Pennsylvania Avenue, NW*  
*Washington, DC 20530*

May 8, 2007

Terrell S. Williamson, Esq.  
Phelps Dunbar  
111 East Capitol Street, Suite 600  
Jackson, Mississippi 39225-3066

Dear Mr. Williamson:

    This refers to your April 26, 2007 letter and accompanying documentation concerning the Mississippi Supreme Court's opinion in *David W. Myers v. City of McComb*, No. 2005-CA-01266-SCT (Miss. 2006). We received your correspondence on April 27, 2007.

    While your letter and accompanying documentation purport to be a submission under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, the information provided indicates that the City of McComb is not an appropriate submitting authority for the identified change(s) affecting voting under Section 5 occasioned by the *Myers* decision. Section 51.23(a) of the Procedures for the Administration of Section 5 of the Voting Rights Act, 28 C.F.R. § 51.23(a), states in relevant part that:

> Changes affecting voting shall be submitted by the chief legal officer or other appropriate official of the submitting authority or by any other authorized person on behalf of the submitting authority. . . . Where a State is covered as a whole, State legislation (except legislation of local applicability) or other changes undertaken or required by the State shall be submitted by the State.

    The State of Mississippi is covered as a whole by Section 5. 30 Fed. Reg. 9,897 (Aug. 7, 1965). The documentation accompanying your letter states, at page 2, that the change affecting voting "is the Mississippi Supreme Court's prohibition of dual service in the Mississippi State House of Representatives and as a selectman on the Mayor and Board of Selectmen for the City



GOVERNMENT EXHIBIT 1

-2-

of McComb, Mississippi." Effectuated by the Mississippi Supreme Court's order, this is a "change . . . undertaken or required by the State," which must be submitted by the State. 28 C.F.R. § 51.23(a).

Your letter also indicates that the change may affect jurisdictions in addition to McComb. Your correspondence states, at pages 5-6, that "under the principle of *stare decisis*, dual service might be prohibited in other municipalities where a member of the governing board exercises both legislative and executive functions. Also, the principle of *stare decisis* would appear to require the application of the Common Law Doctrine of Incompatible Offices to other persons who serve in the Mississippi State Legislature and on the governing board of an [sic] subordinate governmental entity." Your letter and accompanying documentation, however, do not indicate to which other Mississippi jurisdictions the *Myers* decision may apply. Such an omission is not surprising given that the City of McComb may not have access to such information and does not have the independent authority to bind, or act on behalf of, other jurisdictions. The State is of course in the best position to determine the applicability of the change to its political subdivisions and, for this reason, is the proper submitting authority under these circumstances.

Prior to the transmission of your letter and accompanying documentation, Alberto Ruisanchez, a Voting Section attorney, advised City Attorney Norman Gillis of the requirements of 28 C.F.R. § 51.23(a). Mr. Ruisanchez also spoke with officials at the Mississippi Office of the Attorney General to inform them of the City's letter and documentation and to determine whether the State would be making a submission. In fact, we delayed issuing this letter in the hopes that discussions between the State and the City would result in an agreement by which the State would submit the change on the City's behalf or authorize the City to submit it; however, given that such agreement does not appear imminent, we do not wish to further delay this process.

Because the State of Mississippi is the appropriate submitting official for the voting change(s) effected by the *Myers* decision, and because the State has not to date adopted or authorized the City's submission of the change(s) for review under Section 5, it would be inappropriate for the Attorney General to make a determination concerning this submission. 28 C.F.R. § 51.35. If the State of Mississippi makes its own submission, re-submits the City's letter and documentation as its own submission, or authorizes McComb city officials in writing to submit the change(s) effected by the *Myers* decision on behalf of the State, we would be willing to accept such a submission.

-3-

If you have any questions, you should call Alberto Ruisanchez (202-305-1291) of our staff. Please refer to File No. 2007-2465 in any response to this letter so that your correspondence will be channeled properly. Since the Section 5 status of this matter is before the United States District Court for the Southern District of Mississippi in *Myers v. McComb*, Civ. Act. No. 05-481, we are providing a copy of this letter to the court and counsel of record in that case.

Sincerely,

John Tanner
Chief, Voting Section

cc: Reese Partridge
Assistant Attorney General
Office of the Attorney General
State of Mississippi