IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID MYERS, CHARLENE FLIPPIN,
THAXTER PITTMAN, SUANE HUFF AND GAIL
HUFF                                                                                    PLAINTIFFS

VS.                                                         CIVIL ACTION NO.: 3:05CV481 WHB-LRA

CITY OF MCCOMB MISSISSIPPI                                                    DEFENDANTS

### CITY OF MCCOMB'S NOTICE OF PRECLEARANCE DETERMINATION

Pursuant to its previous Status Report to the Court, the City of McComb, Mississippi hereby notifies the Court of the Preclearance Determination of the United States Department of Justice, and states the following:

1. This Court previously entered its Order of March 27, 2007, staying this action to allow the City of McComb to seek preclearance of the Opinion of the Mississippi Supreme Court in *Myers v. City of McComb,* 943 So. 2d 1 (Miss. 2006).

2. In response to the Preclearance Submissions of the City of McComb as authorized by the Mississippi Attorney General and supplemental information provided by the City of McComb, the United States Department of Justice has now issued its preclearance determination letter. By letter dated March 17, 2008, "The Attorney General [of the United States] does not interpose any objection to the specified change." A copy of the Preclearance Determination Letter is attached as Exhibit "A".

3. The specified change in issue was the opinion of the Mississippi Supreme Court that the separation of powers provision of the Mississippi Constitution of 1890, Article 1, Sections 1 and 2, and the common law doctrine of incompatibility of offices prohibits one the

Plaintiffs, David Myers, from serving in the Mississippi Legislature and on the City of McComb Board of Mayor and Selectmen at the same time.

4. As a result of the Preclearance Determination, the basis for the stay entered on March 27, 2007 no longer exists.

5. The City of McComb previously filed a Motion for Reconsideration of the Injunction entered in the case following the final opinion and issuance of the mandate in *Myers v. City of McComb,* 943 So. 2d 1 (Miss. 2006). The City's motion will be moot upon dissolution of this Court's November 23, 2005 Opinion and Order granting plaintiff injunctive relief. A three-judge panel of the Court entered that injunction on motion of the Plaintiffs claiming that the state circuit court judgment (later affirmed by the Mississippi Supreme Court) was a change in law requiring preclearance under Section of the Voting Rights Act.

6. The sole basis for the three-judge panel injunction was that Section 5 of the Voting Rights Act required the state circuit court judgment to be precleared. Since the City of McComb has obtained preclearance of the opinion and mandate of the Mississippi Supreme Court affirming that state circuit court judgment, the underlying basis for the injunction is moot and the injunction should be dissolved immediately.

Dated: March 18, 2008.

          Respectfully submitted,

          PHELPS DUNBAR LLP

          BY:  /s/ Terrell S. Williamson
                W. Thomas Siler, Jr., MB #6791
                James W. Craig, MB #7798
                Terrell S. Williamson, MS #8639
                111 East Capitol Street • Suite 600
                Jackson, Mississippi 39201-2122
                P. O. Box 23066
                Jackson, Mississippi 39225-3066
                Telephone: (601) 352-2300
                Telecopier: (601) 360-9777

JO.99379135.1

Email: W. Thomas Siler, Jr.
silert@phelps.com
James W. Craig
craigj@phelps.com
Terrell S. Williamson
williate@phelps.com

Norman B. Gillis, Jr., MB #4853
Attorney at Law
Post Office Drawer 1907
McComb, MS  39649
Telephone:  (601) 684-1341
Telecopier:  (601) 684-4119
Email: gillisandgillis@bellsouth.net

ATTORNEYS FOR DEFENDANT
CITY OF MCCOMB MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Terrell S. Williamson of the law firm of Phelps Dunbar, L.L.P., do hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Ellis Turnage, Esquire
www.turnagelaw@tecinfo.com

Willie J. Perkins, Esquire
perkinslawofc@bellsouth.net

**ATTORNEYS FOR PLAINTIFFS**


Felicia C. Adams, Esquire
felicia.adams@usdoj.gov

Alberto Ruisanchez, Esquire
alberto.ruisanchez@usdoj.gov

**ATTORNEY FOR UNITED STATES**


/s/ Terrell S. Williamson
Terrell S. Williamson

JO.99379135.1



**U.S. Department of Justice**

Civil Rights Division

CC:AR:ALP:par
DJ 166-012-3
2007-2465

*Voting Section - NWB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*

March 17, 2008

Mr. Reese Partridge, Esq.
Assistant Attorney General
Office of Mississippi Attorney General
P.O. Box 220
Jackson, Mississippi  39205-0220

Mr. Terrell S. Williamson, Esq.
Phelps Dunbar, LLP
111 East Capitol Street, Suite 600
Jackson, Mississippi  39201-2122

Dear Messrs. Partridge and Williamson:

    This refers to the prohibition of dual service by David Myers as city Selectman and State Representative, occasioned by the Mississippi Supreme Court's decision in *David W. Myers v. City of McComb*, No. 2005-CA-01266-SCT (Miss. 2006), and submitted by the City of McComb on behalf of the State of Mississippi to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.  We received your responses to our November 21, 2007, request for additional information on January 17, 2008 and January 18, 2008.

    The Attorney General does not interpose any objection to the specified change. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the change.  *See* Procedures for the Administration of Section 5 of the Voting Rights Act, 28 C.F.R. § 51.41.

Sincerely,

Christopher Coates
Acting Chief, Voting Section

EXHIBIT
A