# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**DAVID W. MYERS, CHARLENE FLIPPIN,**
**THAXTER PITTMAN, SUANE HUFF and GAIL HUFF**  PLAINTIFFS

**VS.**  CIVIL ACTION NO. 3:05-cv-481-WHB-LRA

**CITY OF McCOMB, MISSISSIPPI**  DEFENDANT

## OPINION AND ORDER

On November 23, 2005, a three-judge panel comprised of Circuit Judge Rhesa H. Barksdale, and District Judges William H. Barbour, Jr., and Tom S. Lee entered an Opinion and Order enjoining Defendant, the City of McComb, Mississippi ("City of McComb"), from enforcing a Pike County Circuit Court Order that prohibited Plaintiff, David W. Myers ("Myers"), from simultaneously serving in the Mississippi Legislature and on the City of McComb Board of Mayor and Selectman.  The injunction was entered upon a finding that the state court order created a change in Mississippi law, which affected voting standards, practices, and procedures and, therefore, required pre-clearance under Section 5 of the Voting Rights Act ("VRA"), 42 U.S.C. § 1973c.  The Panel, however, did not enjoin the Mississippi Supreme Court from hearing the appeal of the Pike County Circuit Court Order that had been taken by Myers.

On appeal, the Mississippi Supreme Court found that Myers's dual service as a Legislator and Selectman violated Article 1,

Sections 1 and 2, of the Mississippi Constitution as well as the doctrine of incompatible offices. See Myers v. City of McComb, 942 So. 2d 1 (Miss. 2006). Based on this finding, the court in Myers affirmed the decision of the Pike County Circuit Court, and instructed Myers to "vacate the office of Selectman for the City of McComb forthwith." Id. at 11. The court additionally found that pre-clearance was not required under the VRA as, *inter alia*:

> To require Section 5 pre-clearance, there effectively must be (1) a change in the law, (2) affecting voting, which is, (3) "different from [the law] in force or effect on November 1, 1964." See 42 U.S.C. § 1973c. The Mississippi Constitution of 1890 was "in force or effect" over 70 years prior to the Voting Rights Act of 1965, while the common law doctrine of incompatible offices is far older.... Accordingly, there is no change in the law affecting voting which is different from November 1, 1964."

Id. at 10-11.

On November 3, 2006, the City of McComb filed a motion seeking to dissolve the injunction entered by the three-judge panel based on the decision of the Mississippi Supreme Court in Myers. On March 27, 2007, on motion of the City of McComb, the case was stayed pending a decision by the United States Department of Justice as to whether to preclear the Myers decision. On March 17, 2008, the Department of Justice issued its decision, which provides in relevant part:

> The Attorney General does not interpose any objection to the specified change. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to

enjoin the enforcement of the change. *See* Procedures for the Administration of Section 5 of the Voting Rights Act, 28 C.F.R. § 51.41.

<u>See</u> Notice of Preclearance Determination [Docket No. 50], at Ex. A.

The City of McComb now argues that because it "has obtained preclearance of the opinion and mandate of the Mississippi Supreme Court affirming the state circuit court judgment, the underlying basis for the injunction is moot and the injunction should be dissolved immediately." <u>See</u> <u>id.</u> at ¶ 6. Plaintiffs agree that in "light of the United States Attorney General's preclearance letter, the Court can now lift the November 23, 2005 injunction." Pls.' Resp. to Def.'s Request for Dissolution of November 23, 2005 Injunction, at ¶ 2. The Panel likewise finds that as the City of McComb has obtained the requisite preclearance from the Department of Justice, the November 23, 2005, injunction entered in this case is now moot, and should be vacated.

IT IS THEREFORE ORDERED that the Motion of Defendant, the City of McComb, Mississippi, to Dissolve Injunction [Docket No. 30] is hereby granted. The injunction entered on November 23, 2005, is hereby vacated.

SO ORDERED this the 8th day of April, 2008.

                                                  <u>s/Rhesa H. Barksdale</u>
                                                  Rhesa H. Barksdale
                                                  UNITED STATES CIRCUIT JUDGE

                                                  <u>s/William H. Barbour, Jr.</u>
                                                  William H. Barbour, Jr.
                                                  UNITED STATES DISTRICT JUDGE

                                                  <u>s/Tom S. Lee</u>
                                                  Tom S. Lee
                                                  UNITED STATES DISTRICT JUDGE